**VIRGINIA–CAROLINA CHEMICAL CORPORATION, Appellee**

v.

**HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant.**

**No. 9598.**

United States Court of Appeals Fourth Circuit.

Argued Nov. 16, 1964.

Decided Nov. 20, 1964.

Norman F. Slenker, Arlington, Va. (Charles H. Duff and Duff & Slenker, Arlington, Va., on brief), for appellant.

John S. Battle, Jr., Richmond, Va. (Gordon H. Rosser, Jr., and Battle, Neal, Harris, Minor & Williams, Richmond, Va., on brief), for appellee.

Before HAYNSWORTH and BRYAN, Circuit Judges, and NORTHROP, District Judge.

PER CURIAM:

A policy issued in Virginia by Hartford Accident & Indemnity Company insured Virginia-Carolina Chemical Corporation against:

> "Loss of money, securities and *other property* which the insured shall sustain * * * through any fraudulent or dishonest act or acts committed by any of the employees, acting alone or in collusion with others." (Accent added.)

These definitions followed:

> " *'Money'* means currency, coins, bank notes and bullion.

> " *'Securities'* means all negotiable and non-negotiable instruments or contracts representing either Money or other property and includes revenue and other stamps in current use, tokens, and tickets, but does not include Money."

"[O]ther property" was not defined.

The insurer now appeals from the holding of the District Court that the in-

sured is entitled to recover upon the policy for a loss suffered in the following undisputed circumstances. One McKinney, a salesman of Virginia-Carolina, owned and operated with its consent a business known ac Planters Supply Company. It had a dealership agreement with Virginia-Carolina for the sale of the latter's fertilizer. McKinney had the duty as salesman to procure and submit to his employer financial information concerning its dealers. Obviously, the purpose was to permit Virginia-Carolina to fix the credit it would extend each of them

In 1962 McKinney reported false and fraudulent data to Virginia-Carolina upon the financial condition of Planters. In this manner he obtained large shipments of fertilizer to Planters on credit. The amounts due or owing therefor were evidenced by notes and open accounts. These proved uncollectible and the net loss of Virginia-Carolina was $96,909.97.

We agree with the District Court that the loss was protected by the policy. It was not merely an unpaid account receivable; it was more; it was a loss through the "dishonest act" of an employee. The Court held that the loss consisted of the notes and accounts, properly calling them choses in action. The insurer insisted that "other property" must be construed, under the rule of eiusdem generis, as embracing only "tangible personal property or property otherwise corporeal in nature capable of possession and dominion to the same extent as 'Money' or 'Securities'". It argued that choses in action were not of this character and not so embraced in the policy.

We disagree that the loss was comprised of choses in action; we think the actual loss was the fertilizer shipped on the falsely established credit. This difference is immaterial, however, for "other property" included fertilizer. The sums charged therefor and evidenced by the notes and accounts represented the amount of the loss. Nothing in the policy forecloses this conclusion.

For the other reasons given by the District Judge in his oral opinion from the bench, we affirm the judgment now on review.

Affirmed.